MEMORANDUM*
A jury convicted Defendant Gerhard Stern of one count of aggravated sexual abuse of his four-year-old daughter. Defendant appeals on the ground that the district court erred by allowing Defendant’s younger sister to testify that he had sexually abused her repeatedly when he was between 11 and 13 years old. We review the district court’s ruling for an abuse of discretion. United States v. LeMay, 260 F.3d 1018, 1027 (9th Cir.2001).
“In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant’s commission of another offense or offenses of child molestation is admissible.... ” Fed. R.Evid. 414. To determine whether evidence is admissible under Rule 414, several factors are relevant: (1) the similarity of the prior act to the act charged; (2) the closeness in time of the prior act to the act charged; (3) the frequency of prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity for evidence beyond the testimony already offered at trial. LeMay, 260 F.3d at 1027-28.
Here, the district court did not abuse its discretion. Properly citing and applying Rule 414 and the framework set forth in LeMay, the district court permissibly allowed Defendant’s sister to testify. The acts of sexual abuse were quite similar because both cases involved very young female victims who are close relatives of Defendant and who were living in his household at the time of the abuse. The passage of time and the small number of victims are not factors in Defendant’s favor because there is no indication that he had any similar opportunities to offend target victims of choice, in part because he was incarcerated for a number of the intervening years. Nor does the fact that he engaged in unlawful sexual acts on young female relatives as a teenager, or pre-teenager, and then again as an adult, suggest that the passage of time constitutes an intervening circumstance that favors him under the fourth factor. Contrary to Defendant’s argument, the district court also permissibly concluded that the sister’s testimony was necessary in view of the other evidence presented at trial, particularly because of the young age of the testifying daughter. Accordingly, more than one of the LeMay factors supported the court’s ruling.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.