NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN ALAN BAKER,

    Defendant - Appellant.

No. 25-1050

D.C. No.
2:24-cr-00058-JCC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 2, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

A jury convicted Defendant Justin Baker of one count of abusive sexual conduct in an aircraft in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1). Baker challenges his conviction and sentence on appeal. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Baker argues that the district court erred by admitting evidence that he previously sexually assaulted a teenage girl in 2004. "We review a district court's evidentiary rulings for an abuse of discretion and its interpretation of the Federal Rules of Evidence de novo." *United States v. Waters*, 627 F.3d 345, 351–52 (9th Cir. 2010). Federal Rule of Evidence 413 permits the admission of "evidence of a sexual assault in order to prove that the defendant has the propensity to commit another sexual assault." *United States v. Redlightning*, 624 F.3d 1090, 1119–20 (9th Cir. 2010); Fed. R. Evid. 413(a) ("In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault.").

The evidence that Baker sexually assaulted a teenage girl in 2004 falls within the ambit of Rule 413. A district court must determine whether evidence admissible under Rule 413 should nonetheless be excluded under Rule 403 by considering the non-exhaustive *LeMay* factors: (1) similarity of the other acts to the acts charged; (2) closeness in time of the other acts to the acts charged; (3) frequency of the other acts; (4) presence or lack of intervening circumstances; and (5) necessity of the evidence beyond the testimonies already offered at trial. *See United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001). In rejecting Baker's motion to exclude the prior act, the district court concluded that the first, second, and fifth factors weighed in favor of admission.

25-1050

The district court did not abuse its discretion in its application of these factors. The two offenses were strikingly similar: both involved female teenagers who were previously unacquainted with Baker; Baker used his relationship with his church to build trust with the victims; and he acted in a very similar way in both incidents, moving close to the victims before placing a coat or blanket to cover his and the victims' laps and reaching beneath the fabric to assault them. While the interval between the two offenses is significant, "[t]here is no bright line rule for precluding evidence that is remote in time." *United States v. Thornhill*, 940 F.3d 1114, 1120 (9th Cir. 2019); *see also United States v. Stern*, 391 F. App'x 621, 622–23 (9th Cir. 2010) (affirming admission of other sex offense evidence from 20 years prior). Finally, the district court reasonably concluded that the evidence would be helpful at trial. Importantly, Baker did not deny the conduct his victim described; he argued only that his actions were consensual. Evidence from the prior assault was relevant and probative on the issue of consent.

2. Baker next argues that the district court's admission of testimony from a detective who investigated the 2004 incident violated the Federal Rules of Evidence and the Confrontation Clause because the detective did not have an independent recollection of the investigation and instead relied on a summary of a 2005 interview prepared by another detective. We review de novo claims of Confrontation Clause violations. *United States v. Nguyen*, 565 F.3d 668, 673 (9th

Cir. 2009). The record shows that the detective testified from personal knowledge. *See* Fed. R. Evid. 602.[1] He was present at the interview with Baker, and during voir dire he testified that the interview "did strike a memory with [him]," even before he reviewed the interview report. On cross examination, the detective confirmed he had a "recollection" of the interview, though he did not remember Baker's "exact words on everything."

Because the detective personally participated in the 2005 interview, remembered the interview, and Baker had the opportunity (and used it) to attack the detective's recollection on cross examination, Baker's Confrontation Clause rights were not violated. *Cf. Smith v. Arizona*, 602 U.S. 779, 783, 790 (2024) (holding that admission of testimony from a lab analyst who neither performed nor observed the testing, and who relied only on another analyst's report, violated the Confrontation Clause).

3. Baker next argues that the district court erred by declining to instruct the jury on simple assault, a lesser-included offense. To be entitled to a lesser-

---

[1] Baker frames his evidentiary argument in terms of Federal Rule of Evidence 612. Rule 612 "gives an adverse party certain options when a witness uses a writing to refresh memory," such as the right "to inspect [the writing], to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Baker does not contend that the government failed to produce the interview report. Instead, Baker's argument that the detective lacked an independent memory of the interview implicates the requirement that a witness testify only to matters within the witness's "personal knowledge." Fed. R. Evid. 602.

included offense instruction, a defendant must demonstrate that "the evidence would permit a jury rationally to find the defendant guilty of the lesser offense and acquit her of the greater." *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (citation modified). We review this determination for abuse of discretion. *Id.* Baker contends on appeal that a rational jury could determine that E.C. consented to the sexual touching under the jacket, but not to Baker's kissing of her face and neck, which would only support a simple assault conviction. *See* 18 U.S.C. § 2246(3) (defining "sexual contact" as the intentional touching of the "genitalia, anus, groin, breast, inner thigh, or buttocks" area). Baker failed to raise this argument in the district court and his proposed view of the evidence is unsupported. He did not press a partial-consent theory during trial and there is no rational view of the evidence that supports the conclusion that Baker was guilty of simple assault but not abusive sexual conduct.

4. Finally, Baker claims the district court procedurally and substantively erred by imposing an above-Guidelines sentence. Because Baker failed to raise a procedural error argument in the district court, we review for plain error. *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). A district court procedurally errs if it fails to provide adequate explanation for the sentence it imposed. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "However, '[a] district court need not provide a lengthy explanation of the

[sentencing] factors in order for its explanation to be sufficient.'" *United States v. Ghanem*, 143 F.4th 1114, 1126–27 (9th Cir. 2025) (alteration in original) (quoting *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010)). Rather, the court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

The district court's explanation was more than sufficient. The court noted that the imposed "sentence [was] a product of the guidelines, together with the factors of 18 U.S.C., Section 3553, with the Court accepting the reasons stated in the presentence report and adopting those reasons as the Court's own reasons for the sentence." The presentence report (PSR) expressly considered the 18 U.S.C. § 3553(a) factors and concluded an above-Guidelines sentence was warranted.

We review the substantive reasonableness of the sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). In general, we afford substantial deference to sentencing decisions, reversing only if "we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant [18 U.S.C. § 3553(a)] factors." *Ghanem*, 143 F.4th at 1129 (citation modified).

The district court must impose a sentence that is "sufficient, but not greater than necessary" to meet the purposes of sentencing in 18 U.S.C. § 3553(a). "Where, as here, there was a substantial departure from the [G]uidelines range, our reasonableness review requires that we 'give due deference to the district court's decision that the § 3553(a) factors, on [the] whole, justify the extent of the variance.'" *Id.* (second alteration in original) (quoting *Gall*, 552 U.S. at 51) (affirming a 360-month sentence where the upper limit of the Guidelines range was 97 months).

The court did not abuse its discretion by deciding that a 24-month sentence was warranted under the § 3553(a) factors. The district court permissibly put great weight on the "seriousness of the offense, the harm to the victim, and the danger to the community." The PSR emphasized the nature of the offense: "[Baker] sat next to a complete stranger and over the span of a few hours, violated her body in the most personal of ways." It further grappled with the risk Baker posed to the public given that he "appeared completely undeterred and uninhibited by the other passengers who surrounded him." The PSR concluded that "the aggravating factors include the seriousness of the offense, the harm caused to the victim, his perpetration of an offense against a stranger, his total disrespect of the law, and the danger posed to the community, all of which warrant a two-year term of custody." Baker's contention that the sentence is substantially unreasonable because it is

"inconsistent with the sentencing guideline calculations," is unavailing. The Guidelines are but "one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *Carty*, 520 F.3d at 991.

**AFFIRMED.**